UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEATRICE H.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-27 |
| | ) |
| KILOLO KIJAKAZI [2], | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Deatrice H., on January 7, 2021. For the following reasons, the decision of the Commissioner is **AFFIRMED.**

*Background*

The plaintiff, Deatrice H., filed applications for Disability Insurance Benefits and Supplemental Security Income on July 10, 2018, alleging a disability onset date of February 23, 2018. (Tr. 15). The Disability Determination Bureau denied Deatrice H.'s applications initially on November 13, 2018, and again upon reconsideration on March 7, 2019. (Tr. 15). Deatrice H. subsequently filed a timely request for a hearing on April 10, 2019. (Tr. 15). A hearing was held on December 18, 2019, before Administrative Law Judge (ALJ) Marc Jones. (Tr. 15). Vocational Expert (VE) Timothy M. Bobrowski also appeared at the hearing. (Tr. 15). The ALJ issued an unfavorable decision on February 26, 2020. (Tr. 15-24). The Appeals Council denied

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.
[2] Andrew M. Saul was the original Defendant in this case. He was sued in his capacity as a public officer. On July 9, 2021, Kilolo Kijakazi became the acting Commissioner of Social Security. Pursuant to **Federal Rule of Civil Procedure 25(d)**, Kilolo Kijakazi has been automatically substituted as a party.

review making the ALJ's decision the final decision of the Commissioner.  (Tr. 1-6).

First, the ALJ found that Deatrice H. met the insured status requirements of the Social Security Act through March 31, 2023.  (Tr. 17).  At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Deatrice H. had not engaged in substantial gainful activity since February 23, 2018, her alleged onset date.  (Tr. 17).

At step two, the ALJ determined that Deatrice H. had the following severe impairments: arthritis of the right knee, obesity, and degenerative disc disease of the cervical and lumbar spine.  (Tr. 17).  The ALJ found that the above medically determinable impairments significantly limited Deatrice H.'s ability to perform basic work activities. (Tr. 18).  The ALJ also found that Deatrice H. had the following nonsevere impairments: headaches, anxiety, and depression.  (Tr. 18).

At step three, the ALJ concluded that Deatrice H. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.  (Tr. 19).  The ALJ considered whether the severity of Deatrice H.'s mental impairments met or medically equaled the criteria of Listings 1.02, 1.04, 11.02, 12.04, 12.06, and Social Security Ruling 19-2p. (Tr. 19).  The ALJ considered the paragraph B criteria for mental impairments, which required at least one extreme or two marked limitations in a broad area of functioning which include:

> understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing themselves.

(Tr. 18).  The ALJ indicated that a marked limitation meant the ability to function independently, appropriately, effectively, and on a sustained basis was seriously limited, while an extreme limitation was the inability to function independently, appropriately, or effectively, and on a

2

sustained basis. (Tr. 18). The ALJ found that Deatrice H. had a mild limitation in understanding, remembering, or applying information; a mild limitation interacting with others; a mild limitation concentrating, persisting, or maintaining pace; and no limitation adapting or managing herself. (Tr. 18-19). Because Deatrice H.'s mental impairments did not cause at least two "marked" limitations or one "extreme" limitation, the ALJ determined that the paragraph B criteria were not satisfied. (Tr. 19).

After consideration of the entire record, the ALJ then assessed Denise G.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can occasionally reach overhead with the non-dominant left upper extremity; frequently reach in all other directions with the non-dominant left upper extremity; frequently handle and finger with the non-dominant left hand; occasionally climb ramps and stairs; occasionally balance, stoop, kneel, and crouch; never climb ladders, ropes, or scaffolds; never crawl; never work at unprotected heights and never work around moving mechanical parts.

(Tr. 19). The ALJ explained that in considering Deatrice H.'s symptoms he followed a two-step process. (Tr. 20). First, he determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could have been expected to produce Deatrice H.'s pain or other symptoms. (Tr. 20). Then he evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Deatrice H.'s functioning. (Tr. 20).

After considering the evidence, the ALJ found that Deatrice H.'s medically determinable impairments reasonably could have caused some symptomology. (Tr. 20). However, he found that her statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20).

At step four, the ALJ found that Deatrice H. was capable of performing past relevant work as a salesperson, cosmetics and toiletries. (Tr. 23). Therefore, the ALJ found that Deatrice H. had not been under a disability, as defined in the Social Security Act, from February 23, 2018, through the date of this decision. (Tr. 23).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." **Richardson v. Perales**, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting **Consol. Edison Co. v. NLRB**, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see* **Bates**, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported his findings with substantial evidence and if there have been no errors of law. **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." **Lopez ex rel Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled, and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data

5

underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Deatrice H. has requested that the court remand this matter for additional proceedings. In her appeal, Deatrice H. argues that the ALJ erred by denying her Title II claim as well as by dismissing the severity of her alleged severe medically determinable impairments. Additionally, Deatrice H. claims that the ALJ erred in finding that she could perform work in the national economy at the light exertional level despite her severe medically determinable impairments that should limit her to less than full range of sedentary.

As an initial matter, the court is very troubled by the quality of the brief submitted, by an attorney, on Deatrice H.'s behalf. The brief is less than 5 pages long with 2.5 pages being Social Security boilerplate language. The argument section of the brief is made up of bullet points of medical record findings contained in the Social Security Administrative Record and her opinion that "at best, she is limited to the sedentary category of work with additional limitations."

The court notes that one argument that Deatrice makes, though only one sentence long, is an inaccurate reflection of the record and frankly, farfetched. Deatrice H. claims that the ALJ found that she was capable of performing her past relevant work but failed to mention that she could not perform the job as she previously had performed it, at the medium exertional level. First, the RFC accounted for the fact that she could only perform light work. Second, while the VE did testify that in all of Deatrice H.'s past jobs, she gave an exertional level of medium, the DOT guidelines only required an exertional level of light. Therefore, the ALJ found, and the VE testified, that Deatrice H. could perform all of her past work as it was performed in the national economy, but not as she had performed it.

Further, Deatrice H. does not cite a single case in support of any of her arguments, nor

does she give a single reason as to how or why the ALJ erred. Rather she offers her opinion that after "simply put, there is absolutely no way that [she] could tolerate the physical demands of a salesperson, cosmetics and toiletries, namely: the lifting, standing, and walking required of said positions." [DE 16]. Underdeveloped arguments that are unsupported by appropriate authority, such as these, are generally deemed waived. *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991) ("We repeatedly have made it clear that perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived …."); see also *Krell v. Saul*, 931 F.3d 582, 586 n.1 (7th Cir. 2019) (underdeveloped and unsupported arguments are waived), citing *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority"); *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576, 581 (7th Cir. 2005) ("it is not our job to do the legal research that [counsel] has omitted"); *Pike v. Colvin*, No. 09 C 4351, 2015 WL 6756264, at *3 (N.D. Ill. Nov. 5, 2015) (stating perfunctory and underdeveloped arguments in social security appeals are waived).

The court finds that each of Deatrice H.'s "arguments" are waived as they are simply statements without any support, legally or factually. In the event that it is Deatrice H.'s intention to have this court reweigh the evidence in this case, the Seventh Circuit has long held that it is not the job of the court to do so, nor can it substitute its own judgment for that of the ALJ. *Brewer v. Chater*, 103 F.3d 1384, 1390 (7th Cir. 1997).

Based on the foregoing reasons, the court **AFFIRMS** the decision of the Commissioner.

ENTERED this 25th day of January, 2022.

/s/ Andrew P. Rodovich
United States Magistrate Judge